JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David Garton

## DEFENDANTS
BWXT Technical Services Group, Inc./CT Corporation System-Registered Agent

**(b)** County of Residence of First Listed Plaintiff   Bannock
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Ada
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nick L. Nielson
120 N. 12th Ave. #7
Pocatello, ID 83201

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq., Title VII of the Civil Rights Act

Brief description of cause:
Employment Discharge/Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE               DOCKET NUMBER

DATE
05/23/2017

SIGNATURE OF ATTORNEY

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

District of Idaho

| | | |
|---|---|---|
| David Garton | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. *17-222* |
| BWXT Technical Services Group, Inc. | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: BWXT Technical Services Group, Inc./C.T. Corporation System, Registered Agent

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____05/23/2017_____

_____
*Signature of the attorney or unrepresented party*

Nick L. Nielson
*Printed name*

120 N. 12th Ave., #7
P.O. Box 6159
Pocatello, ID 83201
*Address*

nicknielson1@gmail.com
*E-mail address*

(208) 232-1735
*Telephone number*

**NICK L. NIELSON**
120 North 12th Avenue, Suite 7
P.O. Box 6159
Pocatello, Idaho 83205-6159
Tel: (208) 232-1735
Fax: (208) 233-0048
ISB# 3787

**Attorney for Plaintiff David Garton**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID GARTON,<br><br>        Plaintiff,<br><br>vs.<br><br>BWXT TECHNICAL SERVICES<br>GROUP, INC.<br>        Defendant. | Case No.  17-222<br><br>COMPLAINT AND DEMAND FOR<br>JURY TRIAL<br><br>Fee: |

COMES NOW Plaintiff David Garton, by and through his attorney, Nick L. Nielson, and for a cause of action against Defendant BWXT Technical Services Group, Inc., complains and alleges as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff David Garton ("David") is an individual and is and has been a resident of Pocatello, Bannock County, Idaho.

2.      Defendant BWXT Technical Services Group, Inc. ("TSG", "Company") is a company incorporated in the State of Virginia and doing business in the State of Idaho with offices in Idaho Falls, Idaho.

**NICK L. NIELSON**
120 North 12ᵗʰ Avenue, Suite 7
P.O. Box 6159
Pocatello, Idaho 83205-6159
Tel: (208) 232-1735
Fax: (208) 233-0048
ISB# 3787

**Attorney for Plaintiff David Garton**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

DAVID GARTON,

               Plaintiff,

vs.

BWXT TECHNICAL SERVICES
GROUP, INC.

               Defendant.

Case No. 17-222

COMPLAINT AND DEMAND FOR
JURY TRIAL

Fee:

COMES NOW Plaintiff David Garton, by and through his attorney, Nick L. Nielson, and for

a cause of action against Defendant BWXT Technical Services Group, Inc., complains and alleges

as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff David Garton ("David") is an individual and is and has been a resident of

Pocatello, Bannock County, Idaho.

2.      Defendant BWXT Technical Services Group, Inc. ("TSG", "Company") is a company

incorporated in the State of Delaware and doing business in the State of Idaho with offices in Idaho

Falls, Idaho.

3.    This is a civil action for damages arising, *inter alia,* under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*,Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Opportunity Act of 1972 (42 U.S.C. Section 2000e, *et seq.*) the Idaho Human Rights Act, I. C. §67-5909 *et seq.* and Idaho common law.

4.    Subject matter and original jurisdiction of the federal claims and questions raised herein exist by virtue of 28 U.S.C. §1331 and 42 U.S. C. Section 2000e-5(f)(3).

5.    Venue is proper in the District of Idaho under 28 U.S.C. §1391(b) in that all of the events or omissions giving rise to David's claims occurred in this judicial district.

6.    TSG  is an employer within the meaning of "employer" in 29 U.S.C. §630, 42 U.S.C. §12111(5) and 42 U.S.C. §2000(e)(b).

7.    David timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Idaho Human Rights Commission alleging that TSG discriminated against him on the basis of his disability and that TSG retaliated against him.

8.    David received a Notice of Right to Sue, dated February 24, 2017, from the Idaho Human Rights Commission.  The Human Rights Commission's Notice of Right to Sue is attached and incorporated by reference as Exhibit "1".

9.    David received a Notice of Right to Sue, dated March 16, 2017, from the EEOC. The EEOC's Notice of Right to Sue is attached and incorporated by reference as Exhibit "2".

10.    David files this Complaint within the 90 day period following receipt of the Idaho Human Rights Commission and EEOC Right to Sue Notices.

11.    David has exhausted all administrative remedies and has complied with all conditions precedent to maintain this action, in accordance with all applicable federal and state law.

12.     As to the State claims alleged herein, there exists a common nucleus of operative fact, and the Court should exercise supplemental jurisdiction with regard to the same.

## GENERAL ALLEGATIONS

13.     David re-alleges and incorporates Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14.     David began working at the INL in March 2006. David began full time employment with TSG on October 1, 2010, when TSG took over the contract under which David was working. David worked for the Company as a heavy equipment operator, primarily to operate cranes.

15.     Pursuant to a subcontract with Bechtel Marine Propulsion Corporation ("BMPC"), the Company provides services at the Naval Reactor Facility ("NRF") located approximately fifty miles west of Idaho Falls on the Idaho National Laboratory ("INL") site.

16.     When the Company took over the contract from a previous contractor, it required all employees, including David, to complete a physical health examination.  At that period of time, David was taking a pain killer and tranquilizer for chronic restless leg syndrome.  He did not take the medication when he was working.

17.     After the physical, David was required to participate in a meeting with the Company's employees, including his immediate supervisor, Rod Severin, a General Foreman for the Company to discuss David's physical condition. David was allowed to work without restrictions.

18.     Rod Severin then began sharing personal medical information with David's co-workers. Severin and David's co-workers perceived David as having a disability and bullied, harassed and discriminated against David for what they perceived as his mental state and competency.

19.     In March, 2011, David reported the harassment to the Company's General Foreman, Curtis Christiansen, who then convened a meeting with a Company manager, Chuck Mueller. Mr. Mueller told David that there was nothing he could do to address the harassment.

20.     David was subsequently told by Mr. Christiansen that Mr. Mueller did talk to Mr. Severin about the harassment against David. However, Mr. Sevrin and other co-workers kept harassing David about his diminished mental state and about him taking pain pills and tranquilizers.

21.     In April, 2015, David filed a complaint with the Company's Human Resources Department regarding the harassment he had been receiving from his co-workers about his mental health. The Company then undertook an investigation.

22.     On May 6, 2015, the Company's Human Resources personnel met with David and informed him that they could not corroborate his complaints.

23.     David later learned from co-workers that questions which would have directly addressed the harassment were not asked by the Company during the investigation.

24.     When David learned of the insufficient investigation performed by the Company's Human Resource Department, he contacted management and expressed a desire to speak with a Company representative in the Company's corporate office about the harassment. David put the Company on notice that he would take legal action if his complaint was not adequately addressed.

25.     As a result of harassing and discriminating comments by Mr. Severin, David began to experience heightened anxiety and began to see a counselor. David's physician placed him on a temporary work restriction during a four-to-six week period while David adjusted to a new medication. In June, 2015, the physician released David to go back to work with no restrictions.

26. On August 3, 2015, the Company, through its Senior Counsel, Florence Phillips, responded to David's claims by acknowledging that he had been called names by his co-workers. Ms. Phillips asked him what he wanted in order to settle the matter.

27. The Company scheduled Mr. Garton for a physical examination with the Company's physician, Dr. Eric W. Perttula, on September 2, 2015.

28. After Dr. Perttula saw David, Dr. Perttula prepared a written assessment which provided in part:

> After speaking to patient today I feel comfortable with the medical regimen he is on and I do not see that he is taking any medications during the day that could cloud his mentation or affect his ability to work. Secondly, it is quite clear that anxiety related to patient's work on the bridge crane, or cranes that have an enclosed cab does not seem to be related to this piece of equipment or function per se, but rather it is due to stress generated from dealing with a couple of co-workers.
>
> * * *
>
> I [sic] explain to him that given the operation of the bridge crane is an essential function of his job, I do not think he can perform that at this time, which in my opinion is due to his relationship with a couple of key co-workers. I do not believe this is a permanent impairment, in fact I believe if patient was working with other co-workers on the bridge crane function, he would probably do just fine. He does not have an issue with other functions of his job and [sic] we go through them today. 3. So in my medical opinion, I do not believe patient has a permanent impairment but until there is resolution with the issue with the co-workers I do not believe he can perform the bridge crane function, which is listed as an essential job function for him.
>
> * * *
>
> The most judicious way to handle patient's issue, would either be to assign him to a different three man crew, or perhaps offer another job if he is qualified where he does not have contact with these two individuals.
>
> ***
>
> Patient is amenable to plan.

29. On September 2, 2015, David was placed on unpaid administrative leave by the Company. The Company claimed that the administrative leave was an accommodation to allow David to re-gain his qualifications as a crane operator. However, David never lost his qualifications as a crane operator. Dr. Perttula had ruled out that David's anxiety was related to his work on the

bridge crane, or cranes that have an enclosed cab.    The only reason given by Dr. Perttulla's decision that David could not perform the essential job function of crane operation was directly related to his relationship with co-workers.

30.    David's relationship with his co-workers as referenced by Dr. Perttulla, directly resulted from the bullying, harassing and discriminatory conduct of co-workers toward David regarding his use of medications and his mental state.

31.    The Company blatantly failed/refused to actually provide reasonable accommodation to David by assigning him to a different three man crew or offering him another job away from the co-workers as recommended by its own physician.

32.    David was provided with no income whatsoever by the Company when it placed David on unpaid administrative leave.

### COUNT I.

## DISCRIMINATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT ("ADA"), 42 U.S.C. §12101, *et seq*

33.    Plaintiff re-alleges and incorporates Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.    Defendant Company was aware of Plaintiff's medical conditions through the time of his employment and at the time of his placement on unpaid administrative leave. Plaintiff perceived Plaintiff as disabled.

35.    Plaintiff was qualified for the position and was able to perform the essential functions of his job with Defendant Company with minimal accommodations as described by Dr. Perttula.

36.     Plaintiff was subjected to unwelcome, offensive, intimidating and discriminatory conduct as a result of what the Company perceived to be Plaintiff's disabilities. Such conduct was sufficiently severe and/or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

37.     Defendant Company's unwelcome, offensive, intimidating and discriminatory conduct was intentional and exhibited a wonton, willful, and reckless indifference to Plaintiff's federal right to be free from discrimination on the basis of his disabilities.

38.     Defendant Company's placement of Plaintiff on unpaid administrative leave constitutes an adverse employment action.

39.     Defendant Company's placement of Plaintiff on unpaid administrative leave without accommodating Plaintiff as recommended by Dr. Perttulla was intentional and exhibited a wonton, willful, and reckless indifference to Plaintiff's federal right to be free from discrimination on the basis of what the Company perceived to be Plaintiff's disabilities. De

40.     As a result of Defendant Company's wrongful conduct alleged herein, including, but not limited to, Defendants' discriminatory practices executed with malice or with reckless indifference to Plaintiff's federal and state protected rights as set forth in the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, Plaintiff has incurred and/or sustained damages, including but not limited to lost salary, income and benefits, the loss of a career with Defendant Company, financial losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and severe emotional and physical distress in an amount to be proven at trial.

## COUNT II.

## RETALIATION

41.     Plaintiff re-alleges and incorporates Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     Defendant Company's wrongful conduct toward Plaintiff, including but not limited to derogatory and disparaging comments about Plaintiff to Plaintiff and other co-workers, and the placement on David on unpaid administrative leave despite the recommendations of its own physician constitutes retaliation against the Plaintiff. In so acting, Defendant Company acted with malice and/or reckless indifference to Plaintiff's federally protected rights in violation of Title VII of the Civil Rights Act of 1964 as amended.

43.     As a result of Defendant Company's retaliatory conduct, Plaintiff has suffered financial losses, pain and suffering, inconvenience and loss of enjoyment of life in an amount to be proven at trial.

## COUNT III.

## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

44.     Plaintiff re-alleges and incorporates Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     The Defendant's placement of Plaintiff on unpaid administrative leave despite the recommendations of its own doctor, constitutes extreme and outrageous conduct, intentionally, recklessly, and/or negligently causing Plaintiff to suffer emotional distress and severe mental suffering, manifested by substantial loss of sleep, headaches, stomach disorders and other physical symptoms.

46.     As a direct and proximate result of Defendant Company's intentional and/or negligent conduct, Plaintiff is entitled to recover monetary damages representing fair and reasonable compensation for the emotional distress suffered by the Plaintiff in an amount to be proven at trial.

## COUNT IV.

## ATTORNEY FEES

47.     Plaintiff re-alleges and incorporates Paragraphs 1 hrough 46 of this Complaint as if fully set forth herein.

48.     As a result of Defendant Company's wrongful conduct and/or omissions, Plaintiff has been required to retain the services of an attorney to represent him in the above-captioned cause, and Plaintiff is entitled to an award of reasonable attorney fees and costs incurred herein pursuant to 42 U.S.C. §2000e - 5 (k), 42 U.S.C. §12205 and/or the Federal Rules of Civil Procedure, including Rule 54 and, where appropriate, pursuant to Idaho Code §§12-120 and 12-121 and the Idaho Rules of Civil Procedure, including Rule 54 thereof and all other applicable federal and state statutes and rules.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Garton  prays for judgment against Defendant BWXT TECHNICAL SERVICES GROUP, INC. as follows:

1.     For damages incurred as a result of Defendant's acts in violation of the federal discrimination statutes cited above including lost wages, salary, and income, and interest thereon allowable by law, in an amount to be proved at trial;

2     For an award to Plaintiff for compensatory damages against Defendant discrimination on account of his disabilities in an amount to be proven at trial;

3.      For an award to Plaintiff for compensatory damages against Defendant for retaliation against Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights.

4.      For an award of damages for emotional distress and pain and suffering as a result of Defendants' wrongful actions;

5.      For an award of Plaintiff's attorney fees incurred in the prosecution of this action, pursuant to 42 U.S.C. §2000e - 5 (k), 42 U.S.C. §12205 and/or the Federal Rules of Civil Procedure, including Rule 54 and, where appropriate, pursuant to Idaho Code §§12-120 and 12-121 and the Idaho Rules of Civil Procedure, including Rule 54 thereof and all other applicable federal and state statutes and rules.

6.      For costs of suit incurred herein; and

7.      For such other and further relief as the Court deems just and equitable under the circumstances.

**PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE,**

**PLAINTIFF DEMANDS TRIAL BY JURY.**

DATED this $\underline{93}$ day of May, 2017.

NICK L. NIELSON, Attorney for Plaintiff

## VERIFICATION

STATE OF IDAHO        )
                           ) ss.

COUNTY OF BANNOCK   )

DAVID GARTON, being first duly sworn, deposes and says:

That he is the Plaintiff in the above-entitled action; that he has read the foregoing Complaint, knows its contents, and that the facts therein alleged are true to the best of his knowledge.

David Garton

**SUBSCRIBED AND SWORN TO** before me this 22nd day of May, 2017.

(SEAL)

NOTARY PUBLIC FOR IDAHO
Residing at Pocatello
My Commission Expires: